UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RALPH SEGRAVES, ET AL.

VERSUS

CITY OF ZACHARY, ET AL.

CIVIL ACTION

NUMBER 08-357-JJB-SCR

**RULING ON PLAINTIFFS' MOTION TO COMPEL RESPONSES TO DISCOVERY**
**and**
**RULING ON PLAINTIFFS' MOTION TO DEEM**
**REQUEST FOR ADMISSION ADMITTED**

Before the court is the Plaintiffs' Motion to Compel Responses to Discovery and the Plaintiffs' Motion to Deem Requests for Admission Admitted filed by plaintiff Ralph Segraves, individually and on behalf of Michael Segraves and Jonathan Segraves, Beverly Segraves, and Sarah Segraves. Record document numbers 41 and 42. These motions are opposed.[1]

Plaintiffs asserted that defendants City of Zachary, Mayor Henry J. Martinex, Police Chief John N. Herty, Bruce L. Chaisson, Roger Bizette, David Hughes, Ryan Ivey, and Shawn Pratt failed to timely respond to Interrogatories, Request for Production of Documents, and Plaintiffs' Requests for Admissions, which were all served on or before April 2, 2009.[2] Because the plaintiffs did not received any responses by the applicable deadline, counsel for the

---

[1] Record document number 47.

[2] Record document number 41, Exhibits A-H; and record document number 42, Exhibits A-H.

plaintiffs sent a letter on May 5, 2009 to the defendants' counsel requesting their responses and/or a telephone conference to determine when the responses would be received.[3]  Plaintiffs asserted that when these motions were filed on June 3, 2009, the defendants had not responded in any way to the discovery requests. Plaintiffs sought answers to their interrogatories and production of responsive documents.  Plaintiffs argued that under Rule 36(a), Fed.R.Civ.P., all of their requests for admission were deemed admitted because the defendants did not deny or object to them within 30 days after service.

Defendants asserted that their discovery responses, with the exception of defendant Chaisson's responses, were provided to the plaintiffs on July 20, 2009.[4]  Defendants noted that the parties had agreed to a joint confidentiality agreement and protective order and were waiting on confirmation to file the protective order.  Defendants asserted that defendant Chaisson was in the process of substituting counsel and requested that the motion to compel Chaisson's responses be continued until his new counsel enrolls and presumably requests an extension to confer with that defendant and prepare formal responses.[5]

---

[3] Record document number 41, Exhibit I.

[4] Record document number 47, attached discovery responses.

[5] It is unnecessary to address the defendants request for an extension of time for Chaisson to respond to the motion to compel (continued...)

Regardless of a the parties' negotiations over a protective order or Chaisson's anticipated change of counsel, all of the defendants responses were due within 30 days after service unless otherwise agreed upon by the parties or a court order extended the time to respond.  Nothing in the record establishes that either the court or the parties agreed to extend the deadline for the defendants to serve their discovery responses.  Thus, at the time of filing the motions, all of the defendants' responses were delinquent.  Because the defendants' discovery responses were served after the motion was filed provided, the motion to compel discovery is moot to that extent.[6]

However, the defendants' service of their discovery responses does not moot the plaintiffs' request for an award of expenses. Under Rule 37(a)(5)(A), if discovery is provided after the motion to compel is filed, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain

---

[5](...continued)
because Chaisson has obtained new counsel and provided his responses.

[6] At the time the defendants filed their opposition, Chaisson's responses had not been provided.  His responses have since been provided.  Thus, an order compelling production of them is unnecessary.  See, record document number 51.

the discovery without court action, the party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Defendants' asserted that their delay in production was due to negotiations between the parties over a confidentiality agreement/protective order and defendant Chaisson's change in counsel. These circumstances make an award of expenses unjust.

Turning to the plaintiffs' motion to deem requests for admission admitted, Rule 36(a) provides that matters are admitted unless within 30 days after service of the requests or within such shorter or longer time as the court may allow, or as the parties may agree to in writing, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection. Rule 36(b) specifies that any matter admitted is conclusively established. This conclusive effect applies equally to admissions made affirmatively and those established by default. *American Automobile Association, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

It is undisputed that defendants did not timely respond to the Plaintiffs' requests for admission. Because Rule 36 is self-executing, 30 days after service of the plaintiffs' April 2 requests, all the requests were deemed admitted by default.

4

Therefore, an order deeming the requests admitted is unnecessary.[7]

Accordingly, the Plaintiffs' Motion to Compel Responses to Discovery filed by Ralph Segraves, individually and on behalf of Michael Segraves and Jonathan Segraves, Beverly Segraves, and Sarah Segraves is denied.  Plaintiffs' Motion to Deem Requests for Admission Admitted is also denied as unnecessary.  The parties shall bear their respective costs incurred in connection with these motions.

Baton Rouge, Louisiana, November 9, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[7] Because the 30 day deadline has run and no extensions were granted, the defendants' sole recourse was to move to withdraw or amend their deemed admissions under Rule 36(b).  No such motion was filed.