UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RALPH SEGRAVES, ET AL.

                         CIVIL ACTION

VERSUS

                         NUMBER 08-357-JJB-SCR

CITY OF ZACHARY, ET AL.


## RULING ON PLAINTIFFS' SECOND MOTION TO COMPEL RESPONSES TO DISCOVERY

Before the court is the Plaintiffs' Second Motion to Compel Responses to Discovery filed by Ralph Segraves, individually and on behalf of Michael Segraves and Jonathan Segraves, Beverly Segraves, and Sarah Segraves.  Record document number 50.  This motion is opposed only by defendant Bruce Chaisson.[1]

Plaintiffs asserted that defendants City of Zachary, Mayor Henry J. Martinex, Police Chief John N. Herty, Bruce L. Chaisson, Roger Bizette, David Hughes, Ryan Ivey, and Shawn Pratt failed to sufficiently respond to their Interrogatories and Request for Production of Documents which were all served on or before April 2, 2009.  After receiving Chaisson's responses, the plaintiffs' agreed to withdraw their motion to compel as to defendant Chaisson.[2]  With respect to the remaining discovery responses, the plaintiffs sought production of the following: (1) all internal affairs records,

---

[1] Record document number 51.

[2] Record document number 51, attached letter from plaintiffs' counsel dated October 19, 2009.

prior civilian complaints, and prior lawsuits against all defendant officers; and, (2) documentation in any way pertaining to defendant Ryan Ivey's June 2008 arrest for driving while intoxicated and other criminal charges.

Plaintiffs asserted that the defendants objected to production of all internal affairs records, prior civilian complaints, and prior lawsuits against all defendant officers citing a need for confidentiality. Plaintiffs claimed that they participated in negotiations over a protective order with the defendants which would allow the exchange of these materials and approved the terms of the protective order on or about August 17, 2009.[3] Plaintiffs sent a letter on October 1, 2009 to the defendants' counsel making a final request for a review and inspection of the relevant records.[4] Plaintiffs asserted that they have yet to receive any of the contested documents and further noted that the defendants failed to file the protective order with the court.

In his discovery response, defendant Ivey objected to production of documentation concerning his June 2008 arrest on the basis relevancy and attorney-client privilege. Defendant Ivey additionally noted that the 19th Judicial District Court Clerk of Court is the custodian of public documents pertaining to that

---

[3] Record document number 50, Exhibits A-C. The reason for the defendants' failure to move for entry of a protective order is not apparent from the record.

[4] Record document number 50, Exhibit C.

2

arrest.

Plaintiffs alleged in their petition that defendant Ivey was a police officer involved in an improper confrontation with the plaintiffs.  Plaintiffs asserted that defendant Ivey's 2008 arrest occurred only a few months after this incident.  Plaintiffs also noted that the arrest and/or conviction resulted in the termination of the Ivey's employment.

Plaintiffs have shown that the documents related to defendant Ivey's 2008 arrest are discoverable.  Defendants' failure to respond to the plaintiffs' motion and/or substantiate their objections warrant an order compelling production.  Thus, the defendants shall produce: (1) all internal affairs records, prior civilian complaints, and prior lawsuits against all defendant officers; and, (2) documents in any way pertaining to defendant Ryan Ivey's June 2008 arrest for driving while intoxicated and other criminal charges, and no objections will be allowed.

Under Rule 37(a)(5)(A), if a motion to compel is granted, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the discovery without court action, the party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award

of expenses unjust.  Defendants' lack of diligence in resolving this discovery dispute and their failure to respond to the plaintiff's motion demonstrates that the plaintiffs should be awarded reasonable expenses.[5]  Plaintiff sought an award of $350.00 for 2 hours at the rate of $175.00 per hour.[6]  A review of the motion papers demonstrates that the amount requested is reasonable.

Accordingly, the Plaintiffs' Second Motion to Compel Responses to Discovery filed by Ralph Segraves, individually and on behalf of Michael Segraves and Jonathan Segraves, Beverly Segraves, and Sarah Segraves is granted, in part.

Within 10 days, and without objections, defendants City of Zachary, Mayor Henry J. Martinex, Police Chief John N. Herty, Roger Bizette, David Hughes, Ryan Ivey, and Shawn Pratt shall supplement their discovery responses with production of the following documents: (1) all internal affairs records, prior civilian complaints, and prior lawsuits against all defendant officers; and, (2) documents in any way pertaining to defendant Ryan Ivey's June 2008 arrest for driving while intoxicated and other criminal charges.

Pursuant to Rule 37(a)(5)(A), these defendants are also ordered to pay to the plaintiffs, within ten days, reasonable

---

[5] Based on these facts, no circumstances exist which would make such an award unjust.

[6] Record document number 50, Exhibit D, Affidavit of Christopher Alexander.

expenses in the amount of $350.00.

Plaintiffs' motion as to defendant Bruce Chaisson is denied as moot.

Baton Rouge, Louisiana, November 9, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

5